law library

**IN THE SUPERIOR COURT
OF GUAM**

FILED
SUPERIOR COURT
2012 FEB -2 AM 11: 06
BY ____ OF COURT

ADRIAN L. CRISTOBAL, CONCEPCION )
F. CRISTOBAL, JORGE E.U. )
CRISTOBAL, BEATRIZ CRISTOBAL, )
E.C. LEON GUERRERO, JUAN B. LEON )
GUERRERO, ALBERTO C. )
LAMORENA, III, trustee, and FE C. )
LAMORENA, )
                 )
               Plaintiffs, )
                 )
    v. )
                 )
                 )
                 )
JEFFREY SIEGEL, FRANCIS L. GILL, )
CORAL PIT, INC., )
                 )
               Defendants. )
_____ )

Civil Case no. CV 0442-88

**DECISION AND ORDER**
re: Motion for Reconsideration

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on October 20, 2011. The Plaintiffs were represented by Anthony R. Camacho. The Defendants were represented by Attorney William C. Bischoff. After considering the matters presented, the court now issues the following decision and order.

## BACKGROUND

The instant matter involves two civil actions filed by the plaintiffs and the alleged breach of a settlement agreement between the parties. *Conception F. Cristobal et. al., v. Jeffrey Siegel et. al.*, Civil Case No. 1310-01, *Decision and Order* at 2-8 (January 13, 2004). On June 1, 1988, the Plaintiffs filed a complaint for fraud, damages and cancellation of instruments against the Defendants in the Superior Court of Guam Civil Case No. CV442-88. *Id.* Plaintiffs sought a declaration that a 1986 lease agreement between themselves and the Defendants be declared void.

*Id.* The matter became the subject of extensive litigation between the parties. *Id.*

On or about January 16, 1996, the parties entered into a settlement agreement to resolve the claims filed in CV442-88. *Id.* The settlement agreement was incorporated by reference into an Order for the Settlement and Compromise of Claims signed by the Court on March 14, 1996. *Id.* After entry of this final judgment, the parties engaged in a series of negotiations to perform their respective obligations under the agreement. *Id.* However, these attempts were unsuccessful and negotiations ultimately collapsed. *Id.* The Defendants Coral Pit and Siegel filed a motion to enforce the settlement agreement. *Id.* That motion was opposed by Defendant Gill and Plaintiffs. *Id.*

The Court expressed its concern regarding the fairness of the settlement agreement. *Id.* Because of the concern the motion was continued several times. *Id.* The Court advised that although it ordered performance of the terms agreed upon by the parties, it did not approve the terms. *Id.* Moreover, the Court explained that if the Plaintiffs were pursuing damages and/or rescission, that the parties should file a new proceeding seeking appropriate damages/rescission or other relief. *Id.*

Pursuant to the Court's instruction on July 31, 2001, the Plaintiffs instituted the Civil Case No. 1310-01, setting forth claims against the Defendants for fraud, deceit, and breach of the settlement agreement and extensions thereof. *Id.* The Plaintiffs sought compensatory damages, punitive damages, rescission of the settlement agreement and extension agreements, and a

declaratory judgement.[1]

Defendant Coral Pit filed its answer to the complaint and incorporated within its answer a counterclaim against the Plaintiffs. *Id.* Defendant alleged Plaintiffs had been unjustly enriched from a settlement agreement payment of $297,00.00; that despite the payment, Plaintiffs had failed and refused to perform under the settlement agreement; and that Plaintiffs' failure to perform has damaged Coral Pit in the sum of $297,000. *Id.* Defendant requested that Plaintiffs be ordered to perform their obligations under the settlement agreement, and if not so ordered, that Coral Pit be awarded $297,000 damages from Plaintiffs. *Id.*

Plaintiffs filed a motion to strike Defendant Coral Pit's Counterclaim for its failure to maintain a business license. They also requested the Court to strike all pleadings filed by Defendants in CV1310-01 and CV44-88. *Id.*

On January 13, 2004, the Court granted the Plaintiffs' motions to strike Defendant Coral Pit's Counterclaim as well as Plaintiffs' motion to strike Defendant's pleadings in CV1310-01. *Id.* at 17. The Court further denied Defendant Coral Pit's motion to enforce settlement agreement filed under CV442-88 and granted Plaintiffs' motion to dismiss the motion for Defendant Coral Pit's lack of a business license. *Id.*

Subsequent to the Court's January 13, 2004 order, Defendant filed motion for reconsideration and clarification of the same order and a motion to amend answer. The Court on

---

[1] Plaintiff requested that the Court enter a declaratory judgment finding that the Defendants breached the 1986 written lease agreement which was the subject of CV442-88 with the Plaintiffs and that the lease was consequently terminated and void. *Conception F. Cristobal et. al., v. Jeffrey Siegel et. al.*, Civil Case No. 1310-01, *Decision and Order* at 2-8 (January 13, 2004).

January 28, 2004, subsequent to a hearing on the Motion to Clarify, signed an order indicating that it did not intend its January 13, 2004 order to be a final appealable order in CV1310-01 or CV0442-88. *Conception F. Cristobal et. al., v. Jeffrey Siegel et. al.,* Civil Case No. 1310-01, *Decision and Order* (January 28, 2004).

On March 1, 2010, Defendants filed a GRCP Rule 70 motion requesting the court to direct a conveyance of property or enter a judgment divesting the title of Plaintiffs' property in accordance with the Settlement Agreement and Order. More specifically, Defendants want the Plaintiffs to convey the remainder of the land in question to Coral Pit by warranty deed. On February 21, 2011, the court granted Defendants motion.[2] On August 1, 2011, Plaintiffs filed a motion for reconsideration pursuant to GRCP Rule 60(b) arguing that no relief could be granted under GRCP Rule 70 because no judgment has been entered in this matter.

### DISCUSSION

The Court will consider the motion under the standard for GRCP Rule 60(b). Because Plaintiffs argue error and unjust result, only 60(b)(1) and 60(b)(6) apply to this case. Rule 60(b) provides,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

Rule 60(b)(1) grants a court the discretion to relieve a party from a final order for reason of

---

[2] The court did recognize that the clerk of the court could not sign on behalf of the deceased Plaintiffs until their estates are established and personal representatives appointed and given the opportunity to comply.

mistake, inadvertence, surprise, or excusable neglect, provided that the party moves for relief within a reasonable time and not more than one year after the order was entered. *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 32. In this case, Petitioners' motion was timely filed.

The Supreme Court of Guam has not yet adopted a position concerning whether a trial court may correct an oversight or judicial inadvertence under Rule 60(b). However, the Court setting aside a default has noted that "Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied." *Midsea Industrial, Inc., v. HK Engineering, Ltd.*, 1998 Guam 14 ¶ 3. As further guidance, the Court explained that the standard for Rule 60(b) motions is more permissive in cases where the merits of an argument have not been addressed, holding that "[t]he standard for setting aside a default judgment is distinct from the vacation of disputed and litigated issues. Having concluded that the motion may be properly considered under Rule 60(b), the court must now reach the question of whether the motion should be granted.

In determining whether the motion should be granted, the court looks to Rule 70 of the Guam Rules of Civil Procedure, and it provides,

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party, by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within Guam, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of

execution or assistance upon application to the court.

Guam R. Civ. Proc. 70. Furthermore, relief under this rule which governs enforcement of specific acts is available only after judgment has been entered. *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 218 (1945). According to its plain language, this rule applies only to parties who have failed to perform specific acts pursuant to a judgment. *See McCabe v. Arave,* 827 F.2d 634, 639 (9th Cir.1987).

As mentioned above Plaintiffs argue that no relief could be granted under GRCP Rule 70 because no judgment has been entered in this matter. "Judgment" as used in the Guam Rules of Civil Procedure includes a decree and any order from which an appeal lies. GRCP Rule 54(a). In the instant case, the court finds that the March 14, 1996 Stipulation and Order for the Settlement and Compromise of Claims constitutes a judgment. The Stipulation and Order, which was signed by Judge Joaquin V.E. Manibusan [3] and both attorneys for the instant parties, provides,

> The above-captioned parties, through counsel, hereby stipulate as follows:
>
> 1. The parties have reach a settlement of their disputes in this action and have memorialized their agreement in that certain Settlement Agreement attached hereto as Exhibit 1 and incorporated herein by reference.
>
> 2. The Court hereby orders the parties to perform their respective obligations pursuant to and under the terms and conditions of the Settlement Agreement.
>
> 3. The above-captioned matter shall be dismissed with prejudice, each party to bear their respective costs and attorneys fees.
>
> 4. The Court shall retain jurisdiction over the Settlement Agreement to enforce the terms and conditions thereof.
>
> 5. Let judgment enter accordingly.

---

[3] Judge Manibusan was originally assigned the instant case, however due to his appointment as a Federal Magistrate Judge the case was reassigned to this court.

After review of the Stipulation and Order the court finds that this constitutes a judgment as defined by GRCP Rule 54(a) because it is an appealable order. The court also finds it significant that the Order states, 1) the matter shall be dismissed with prejudice and 2) let judgment enter accordingly. This language leads the court to the conclusion that there has been a final determination of the rights of the parties and that judgment has been entered. Furthermore, according to the Order the court retains jurisdiction only over the Settlement Agreement to enforce the terms and conditions thereof. For these reasons, the court finds that its application of Rule 70 was not in error.

## CONCLUSION

Based on the foregoing, the court DENIES the Defendants' motion for reconsideration.

SO ORDERED this 2 day of FEB 2012.

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

FEB 2

Therese M. Blas
Deputy Clerk, Superior Court of Guam